IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
NORTHERN DIVISION
AT KNOXVILLE

NATIONWIDE MUTUAL INSURANCE )
COMPANY, )
                                                  )
    Plaintiff, )
                                                  )
v. )   No. _____
                                                  )
US ENTERPRISES, INC. d/b/a )
JIMMY'S MARKET and JILL LISKE, )
                                                  )
    Defendants. )

## COMPLAINT FOR DECLARATORY JUDGMENT

Comes now the plaintiff, Nationwide Mutual Insurance Company (hereinafter referred to as "Nationwide"), and alleges as follows:

### I. THE PARTIES

1. Nationwide is an insurance company incorporated under the laws of the State of Ohio, with its principal place of business located at One Nationwide Plaza, Columbus, Ohio. Nationwide has complied with the laws of the State of Tennessee pertaining to corporations engaged in insurance business therein. Nationwide is thus a citizen and resident of the State of Ohio for purposes of 28 U.S.C. § 1332.

2. The defendant, US Enterprises, Inc. d/b/a Jimmy's Market (hereinafter referred to as "Jimmy's Market"), is an entity not recognized by the Tennessee Secretary of State, and has no registered agent on file with the Tennessee Secretary of State. Therefore, service may be made upon the principal of Jimmy's Market, Usman Fayyazi, at 632 Wears Valley Road, Pigeon Forge, TN 37863-7752. Jimmy's Market operates a place of business at 2476 Boyd's Creek Highway in Sevierville, Tennessee. The policy of

insurance at issue in this declaratory judgment action was issued to Jimmy's Market at the address of 632 Wears Valley Road, Pigeon Forge, TN 37863-7752. Jimmy's Market is thus a citizen and resident of the State of Tennessee for purposes of 28 U.S.C. § 1332.

3. The defendant, Jill Liske (hereinafter referred to as "Liske") is an individual who may be served at 10206 Nicholson Hill Road, Hubbard Lake, MI 49747. Liske is thus a citizen and resident of the State of Michigan for the purposes of 28 U.S.C. § 1332. Liske has been joined only as she may have an interest in the outcome of this declaratory judgment action.

## II. VENUE AND JURISDICTION

4. As will be more fully set forth below, Nationwide issued Policy No. ACP BPRM 5606269219 to Jimmy's Market, at its address of 632 Wears Valley Road, Pigeon Forge, TN 37863-7752. A claim against the policy has been submitted to Nationwide resulting from alleged injuries sustained by Liske on property of Jimmy's Market located at 2476 Boyds Creek Highway in Sevierville, Tennessee on May 13, 2014. Liske has also instituted litigation against Jimmy's Market in the Circuit Court for Sevier County, Tennessee, under Docket No. 15-CV-317-1 ("the Sevier County Action"). Accordingly, venue is proper in this Court and in this Division pursuant to 28 U.S.C. §§ 1391 and 123, respectively.

5. This case is brought pursuant to the Declaratory Judgment Act as codified in 28 U.S.C. § 2201 and Fed. R. Civ. P. 57. Jurisdiction exists in this Court pursuant to the provisions of 28 U.S.C. § 1332. The amount in controversy exceeds the sum of Seventy-Five Thousand and No/100 Dollars ($75,000.00), exclusive of interest and costs. More particularly, the Complaint filed by Liske in Sevier County Action seeks

damages against Jimmy's Market in an amount not to exceed Two Hundred Fifty Thousand and No/100 Dollars ($250,000.00).  The limits of the Nationwide policy issued to Jimmy's Market exceed Two Hundred Fifty Thousand and No/100 Dollars ($250,000.00).

### III.  FACTS

6. On or about August 6, 2013, Nationwide issued Policy No. ACP BPRM 5606269219, a Premier Businessowners Policy, to Jimmy's Market, at its address of 632 Wears Valley Road, Pigeon Forge, TN  37863-7752.  A true and exact copy of Nationwide Policy No. ACP BPRM 5606269219 issued to Jimmy's Market is attached hereto as Exhibit 1, and is hereinafter referred to as "the policy."

7. The policy provided liability coverages only in accordance with the policy terms, definitions, and conditions for the policy period of August 6, 2013 through August 6, 2014.

8. The policy contained the following conditions:

**SECTION IV – PREMIER BUSINESSOWNERS LIABILITY CONDITIONS**
*****
**2. Duties In The Event Of Occurrence, Offense, Claim Or Suit**
  **a.** You must see to it that we are notified as soon as practicable of an "occurrence" or an offense which may result in a claim.  To the extent possible, notice should include:
   **(1)** How, when and where the "occurrence" or offense took place;
   **(2)** The names and addresses of any injured persons and witnesses; and
   **(3)** The nature and location of any injury or damage arising out of the "occurrence" or offense.
  **b.** If a claim is made or "suit" is brought against any insured, you must:
   **(1)** Immediately record the specifics of the claim or "suit" and the date received; and
   **(2)** Notify us as soon as practicable.
     You must see to it that we receive written notice of the claim or "suit" as soon as practicable.
  **c.** You and any other involved insured must:
   **(1)** Immediately send us copies of any demands, notices, summonses or legal papers received in connection with the claim or "suit";

- **(2)** Authorize us to obtain records and other information;
- **(3)** Cooperate with us in the investigation or settlement of the claim or defense against the "suit";
- **(4)** Assist us, upon our request, in the enforcement of any right against any person or organization which may be liable to the insured because of injury or damage to which this insurance may also apply; and
- **(5)** Agree to be examined under oath, while not in the presence of any other insured and at such times as may be reasonably required, about any matter relating to this insurance or the claim or "suit." At our option and expense, any examination under oath may be video or audio taped as well as being recorded by stenographic record. In the event of an examination, and insured's answers must be signed

  **d.** No insured will, except at that insured's own cost, voluntarily make a payment, assume any obligation, or incur any expense, other than for first aid, without our consent.

9. Liske claims to have slipped and fallen at a convenient store operated by Jimmy's Market located at 2476 Boyds Creek Highway in Sevierville, Tennessee on May 13, 2014.

10. The incident involving Liske was observed by two (2) employees of Jimmy's Market, one, Dezarae Davis, and another employee named Lisa.

11. Liske filed the Sevier County Action against "SS Jimmy's Enterprises, Inc." on May 12, 2015.

12. Prior to the filing of the lawsuit, Nationwide had not been notified of the incident occurring on May 13, 2014, at 2476 Boyds Creek Highway and involving Liske.

13. Nationwide's first notice of the claims of Liske arising from the incident on May 13, 2014 came following the filing of suit, and specifically on June 17, 2015, which was more than thirteen months from the date of Liske's alleged injury.

14. Nationwide has appointed defense counsel to defend the insured, named as SS Jimmy's Enterprises, Inc. in the Sevier County Action, under reservation of rights.

15. Following appointment of defense counsel, Jimmy's Market has failed to

cooperate with Nationwide and its assigned defense counsel, to the prejudice of Nationwide. Specifically, Jimmy's Market has:

    A.    Failed to maintain phone communication;

    B.    Failed to set up telephone mailboxes such that defense counsel and Nationwide can leave messages;

    C.    Failed to appear for meetings with defense counsel;

    D.    Failed to provide documents that have been requested; and

    F.    Failed to assist in the completing of discovery.

16. The attorneys for Liske are now threatening a Motion to Compel against Jimmy's Market in the Sevier County Action.

17. Because of the failure to timely report the incident to Nationwide, and the failure to cooperate with the defense, Nationwide has been unable to identify and interview, and secure the testimony, of the former employee named Lisa who witnessed the activities of Liske at the property located at 2476 Boyds Creek Highway in Sevierville, Tennessee on May 13, 2014. The inability to locate and secure the testimony of this witness, caused by the failure of Jimmy's Market to timely report and cooperate in the defense of the case, has prejudiced Nationwide.

18. Nationwide alleges and avers that an actual controversy exists between itself and the defendants within the meaning of 28 U.S.C. § 2201, and that this Court is vested with the power in the instant case to declare and adjudicate the rights and legal relationships of Nationwide and the defendants with reference to the issues raised herein. The legal issues raised herein will not be addressed in the Sevier County Action.

## IV. DECLARATORY RELIEF SOUGHT

19. Nationwide avers that the policy does not provide any coverage for the claims asserted against SS Jimmy's Enterprises, Inc. by Liske in the Sevier County Action, due to the breach of policy conditions by Jimmy's Market.

20. The conditions of the policy required the following:

**SECTION IV – PREMIER BUSINESSOWNERS LIABILITY CONDITIONS**
*****
**2. Duties In The Event Of Occurrence, Offense, Claim Or Suit**
  **a.** You must see to it that we are notified as soon as practicable of an "occurrence" or an offense which may result in a claim. To the extent possible, notice should include:
   **(1)** How, when and where the "occurrence" or offense took place;
   **(2)** The names and addresses of any injured persons and witnesses; and
   **(3)** The nature and location of any injury or damage arising out of the "occurrence" or offense.
  **b.** If a claim is made or "suit" is brought against any insured, you must:
   **(1)** Immediately record the specifics of the claim or "suit" and the date received; and
   **(2)** Notify us as soon as practicable.
   You must see to it that we receive written notice of the claim or "suit" as soon as practicable.
  **c.** You and any other involved insured must:
   **(1)** Immediately send us copies of any demands, notices, summonses or legal papers received in connection with the claim or "suit";
   **(2)** Authorize us to obtain records and other information;
   **(3)** Cooperate with us in the investigation or settlement of the claim or defense against the "suit";
   **(4)** Assist us, upon our request, in the enforcement of any right against any person or organization which may be liable to the insured because of injury or damage to which this insurance may also apply; and
   **(5)** Agree to be examined under oath, while not in the presence of any other insured and at such times as may be reasonably required, about any matter relating to this insurance or the claim or "suit." At our option and expense, any examination under oath may be video or audio taped as well as being recorded by stenographic record. In the event of an examination, and insured's answers must be signed
  **d.** No insured will, except at that insured's own cost, voluntarily make a payment, assume any obligation, or incur any expense, other than for first aid, without our consent.

21. Jimmy's Market has failed to comply with these duties in the event of loss in that it has failed to timely report the incident involving Liske to Nationwide, and has failed to cooperate with Nationwide and defense counsel following service of the Complaint upon it and in defense of the Sevier County Action filed against it by Liske.

22. Nationwide further relies upon all of the other provisions, terms, conditions, and exclusions of the policy in this Declaratory Judgment Action.

23. Nationwide avers and alleges that due to the breach of the policy terms and conditions by Jimmy's Market, it is no longer required to defend Jimmy's Market, and is entitled to withdraw the defense provided in the Sevier County Action.

24. Nationwide avers and alleges that, based upon the breach of policy conditions by Jimmy's Market, no indemnity obligation is owed by Nationwide to Jimmy's Market for any damages awarded to the plaintiff, Jill Liske, in the Sevier County Action.

Premises considered, Nationwide Mutual Insurance Company prays as follows:

1. That the defendants be required to answer and appear herein;

2. That the Court adjudicate and declare that Nationwide Policy No. ACP BPRM 5606269219 provides no coverage whatsoever for the alleged injury to Jill Liske;

3. That the Court adjudicate and declare that Policy No. ACP BPRM 5606269219 provides no coverage obligation with respect to the lawsuit instituted by Jill Liske against SS Jimmy's Enterprises, Inc. in the Circuit Court for Sevier County, Tennessee under Docket 15-CV-317-I, and specifically that there is no continued duty to defend or indemnify the insured for any damages sought by Liske in the Sevier County Action;

4. That this Court adjudicate and declare that Nationwide is entitled to withdraw the defense it has provided under reservation of rights to Jimmy's Market in the lawsuit instituted by Liske in the Sevier County Action;

5. That the costs of this action be assessed against the defendants.

6. For such other and further legal and equitable relief as this Court deems just and proper.

Respectfully submitted,

_s/Parks T. Chastain_
_s/ E. Jason Ferrell_
**PARKS T. CHASTAIN**
Registration No. 13744
DIRECT:  (615) 630-7717
(615) 256-8787, Ext. 114
pchastain@bkblaw.com
**E. JASON FERRELL**
DIRECT:  (615) 630-7716
(615) 256-8787, Ext. 116
jferrell@bkblaw.com
Registration No. 24425
Attorney for Plaintiff, Nationwide Mutual Insurance Company

**BREWER, KRAUSE, BROOKS & CHASTAIN, PLLC**
P. O. Box 23890
Nashville, TN  37202-3890
(615) 256-8787

PTC:dmt