UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| NATIONWIDE MUTUAL INSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 3:17-CV-4-RLJ-CCS |
| US ENTERPRISES, INC., d/b/a/ JIMMY'S MARKET and JILL LISKE, | ) ) ) | |
| Defendants. | ) | |

# **ORDER**

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, Standing Order 13-02, and the referral Order [Doc. 13] of the District Judge.

Now before the Court is a Motion to Extend Time for Service of Complaint [Doc. 12], filed on April 27, 2017. The Plaintiff requests an additional ninety (90) days from April 6, 2017, to serve Defendant US Enterprises, Inc. ("US Enterprises"). The Plaintiff states the summons was issued to Defendant US Enterprises on January 6, 2017, and that the summons expired ninety (90) days thereafter. On April 6, 2017, an alias summons was issued. The Plaintiff states that it did not first seek an order extending the time period before requesting an alias summons.

Federal Rule of Civil Procedure 4(m) provides as follows:

> **(m) Time Limit for Service.** If a defendant is not served within 90 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. This subdivision (m) does not apply to service in a foreign country under Rule 4(f), 4(h)(2), or 4(j)(1).

In the instant matter, the Complaint [Doc. 1] was filed on January 6, 2017. The summons to Defendant US Enterprises was issued on the same day. [Doc. 5]. On March 29, 2017, the docket shows that Defendant US Enterprises was served; however, the entry was later modified to state, "Summons to be issued; original summons accepted by unknown individual by cert. mail." [Doc. 9]. A summons was reissued to Defendant US Enterprises on April 6, 2017, pursuant to the Plaintiff's request. The history of this case shows that the Plaintiff is actively trying to serve Defendant US Enterprises, and therefore, the Court finds good cause to grant the extension. *See Sydney v. Columbia Sussex Corp.*, No. 3:13-CV-312-TAV-CCS, 2014 WL 7156953, at *2 (E.D. Tenn. Dec. 15, 2014) ("Diligent and reasonable efforts to serve process, however, may warrant a finding of good cause."). Accordingly, the Court finds the Motion to Extend Time for Service of Complaint [**Doc. 12**] well-taken, and it is **GRANTED**. The Plaintiff shall have an additional ninety (90) days from April 6, 2017, to effect service on Defendant US Enterprises.

**IT IS SO ORDERED.**

ENTER:

  s/ C. Clifford Shirley, Jr.  
United States Magistrate Judge